# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NELSON HOWELL, ) | 1:09-cv-00385 YNP [DLB] (HC) |
| Petitioner, ) | |
| ) | ORDER DISMISSING PETITION FOR |
| v. ) | WRIT OF HABEAS CORPUS PURSUANT |
| ) | TO 28 U.S.C. § 2241 |
| H.A. RIOS, Jr., Warden, ) | |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is challenging his 2000 conviction in the United States District Court for the Southern District of Illinois for conspiracy with intent to distribute a controlled substance, possession with intent to distribute a controlled substance. At the time of the petition, Petitioner was in the custody of the Bureau of Prisons at the California City Correctional Center located in California City, California; Petitioner is currently located at Forrest City Medium Federal Correctional Institution in Forrest City, Arkansas.

On February 25, 2009, Petitioner filed the instant petition for writ of habeas corpus. Both Petitioner and Respondent have consented to the jurisdiction of a Federal Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. #6, 8).

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C.

§ 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; <u>see also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir. 1991); <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. <u>Id</u>; <u>Holland v. Pontesso</u>, 234 F.3d 1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of limitations); <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir.1999) (Dismissal of a successive motion attacking sentence did not render such motion procedure an ineffective or inadequate remedy, so as to authorize federal prisoner to seek habeas relief); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner challenges the underlying conviction and sentence. Because he is alleging errors in his conviction and sentence, and not errors in the administration of his sentence, the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be dismissed. In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[1]

**ORDER**

Accordingly, it is hereby ORDERED that the petition for writ of habeas corpus is DISMISSED. As this petition arises under § 2241, certificate of appealability is not required. <u>Forde v. U.S. Parole Comm'n</u>, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   **November 9, 2009**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges convictions and sentences adjudicated in the U.S. District Court for the Central District of California.